386 A.2d 11

**George E. BROWER, Appellant,**

v.

**BERLO VENDING CO., Pocono International Raceway, Inc., Concert Ten, Inc., Island Helicopter, Inc. and New York Airways.**

Superior Court of Pennsylvania.

Argued March 19, 1976.

Decided April 13, 1978.

Anthony P. Baratta, Philadelphia, for appellant.

John J. O'Brien, Jr., Philadelphia, for appellee, New York Airways.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

SPAETH, Judge:

On July 8, 1972, appellant was injured in an accident at the Pocono International Raceway, Monroe County, Pennsylvania. This appeal arises from his several attempts to sue one, some, or all of five defendants: Berlo Vending Company ("Berlo"), Pocono International Raceway, Inc. ("Raceway"), Concert Ten, Inc. ("Concert"), Island Helicopter, Inc. ("Helicopter"), and New York Airways ("Airways"). To sort out these attempts it will be helpful to start by outlining the docket entries:

No. 660 August Term 1973, Philadelphia County

George E. Brower v. Berlo Vending Company

| | |
|---|---|
| 8/28/73 | Summons in trespass/assumpsit |
| 6/20/74 | Complaint |
| 7/3/74 | Writ to join Concert, Airways, Helicopter, Raceway [Additional defendants served] |
| 7/29/74 | Add'l defendant Airways' motion for change of venue |
| Eodie | Plaintiff's answer to motion |
| 9/5/74 | Ordered that add'l defendant Airways' motion for change of venue denied and that plaintiff's counsel is to enter a voluntary discontinuance |
| 9/10/74 | Plaintiff voluntarily discontinues |

No. 5059 September Term 1973, Philadelphia County

George E. Brower v. Concert, Airways, Raceway & Helicopter

| 9/28/73 | Summons in trespass |
| 11/5/73 | Summons in trespass/assumpsit reissued |
| 11/27/73 | Summons in trespass reissued |
| 1/3/74 | Airways' preliminary objections [motion for change of venue] |
| 2/13/74 | Ordered that Airways' preliminary objections are sustained and matter is transferred to Monroe County |
| 3/6/74 | Case transferred to Monroe County |
| 9/10/74 | Plaintiff voluntarily discontinues |

[After this case was transferred to Monroe County, and there docketed at No. 533 January Term 1974, the following appears on the Monroe County docket:]

| 7/26/74 | Praecipe for rule on plaintiff to file complaint within twenty days, or non pros sec. reg. |
| Eodie | Rule entered |
| 9/6/74 | Affidavit of Service |
| 9/6/74 | Order of non pros filed |

No. 857 July Term 1974, Philadelphia County

George E. Brower v. Berlo, Raceway, Concert, Helicopter, Airways

| 7/5/74 | Complaint |
| 7/19/74 | Airways' preliminary objections and request for change of venue |
| 8/26/74 | Plaintiff's answer to Airways' preliminary objections |
| 9/4/74 | Ordered that Airways' preliminary objections are dismissed, and plaintiff's counsel is to discontinue the action docketed as C.P. Sept. 73 #5059 |
| 2/24/75 | Airways' motion for summary judgment |
| 3/20/75 | Summary judgment granted |

From these entries the following may be seen: Appellant started three suits to recover damages for his injuries—one against Berlo (No. 660), one against Concert, Airways, Raceway, and Helicopter (No. 5059), and one against all five of these defendants (No. 857). When the third suit was started, the first two were pending, and the second had already been transferred to Monroe County. As of September 4, 1974, all three suits were pending, but on that date, in the

third suit (No. 857), Judge HIRSH directed appellant to discontinue the first two (Nos. 660 and 5059).[1] However, on September 6, 1974 before appellant had complied with this direction, a non pros was entered against him in No. 5059 (or more precisely, in No. 533 in Monroe County, which was the number of No. 5059 after its transfer). Therefore, after September 10, 1974, when appellant did discontinue No. 660, appellant had only one suit left: No. 857 in Philadelphia. At this point Airways asked for summary judgment in No. 857, on the theory that the suit was barred by res judicata or collateral estoppel, said doctrines being made available, according to Airways, by the non pros in No. 5059/533. The lower court granted summary judgment, and later denied appellant's petition to vacate. This appeal followed.

The reasons advanced by Airways below in support of its motion for summary judgment were not sound. An order of non pros adjudicates nothing, so it cannot be res judicata. This truism is easily proved by the rule that a judgment of non pros does not bar a plaintiff from commencing another action upon the same cause of action, provided the statute of limitations has not run and the costs of the former action have been paid. *Kulp v. Lehigh Valley Transit Co.*, 81 Pa.Super. 296 (1923). Nor may an order of non pros support a plea of collateral estoppel, since (to name only one defect) it does not involve a "final judgment on the merits." *Safeguard Mutual Insurance Co. v. Williams*, 463 Pa. 567, 574, 345 A.2d 664, 668 (1975).

It does not follow, however, that we may not affirm the lower court's order. The lower court based its ruling, not on res judicata or collateral estoppel, but on a little-known rule governing the proper procedure when venue has

1. Judge HIRSH's order referred only to No. 5059. In light of the docket entry of Sept. 5, 1974, in No. 660, and the apparent purpose of Judge HIRSH's ruling—to clean up the piecemeal suits and retain only the suit in which all five defendants were joined—we take it that appellant was in fact directed to discontinue both earlier suits, as we have stated.

been changed. The rule is based, in spirit at least, on the following statute:

### Proceedings upon change of venue

Whenever the court shall order a change of venue in any case in law or in equity as aforesaid, it shall be the duty of the prothonotary of the court in which such cause is pending, to forward to the prothonotary of the court of the county to which the same hath been removed, certified copies of all docket entries, processes, pleadings, depositions and other papers pertaining to such cause; and the said certified copies being duly filed and entered in the court to which said cause is removed, it shall proceed in like manner as if it had been brought therein by original process against the defendant or defendants; and the said court shall proceed to trial in the same manner, and give judgment and award execution with like effect, as though the cause had not been removed, and the records and copies filed in the court to which such cause hath been removed shall have the same force and effect, in every respect and for every purpose, as the original would have had in the court from which such cause shall have been removed. Act of March 30, 1875, P.L. 35, § 4, 12 P.S. § 114.

In *Hughes et al. v. The Mine Hill and Schuylkill Haven Railroad Co.,* 30 Pa. 517 (1858), the Supreme Court held that under a similar statute[2] a transfer of venue "operates as an immediate *supersedeas* of the jurisdiction of the court" ordering the transfer, and that any further proceedings in the case in the transferring court are "without any foundation" and should be "set aside." *Id.,* 30 Pa. at 518–19. *See also Fulton v. Lancaster County, supra* note 2; *Southern Pennsylvania Railway Co. v. Stevens,* 4 Lanc.Bar 15 (1872). Thus, when No. 5059 was transferred from Philadelphia to Monroe County, the Philadelphia court was left without any

**2.** Act of April 14, 1834; Brightly's Purd. 132. This statute "differ[ed] in mode, but not in effect," from 12 P.S. § 114. *Fulton v. Lancaster County,* 8 Lanc.L.Rev. 66 (1891).

foundation to proceed with the cause, and No. 857 in Philadelphia was therefore properly dismissed.

We recognize, as appellant vigorously argues, that the rule producing this result was stated in cases in which a plaintiff attempted to take further proceedings in the *same* docketed suit that had already been transferred, whereas here appellant instead filed an *entirely new* suit under a *new* docket number; we also recognize that the transferred suit had only four defendants while the new suit had five (Berlo having been added). In our opinion, however, these differences do not compel a different result. Appellant's use of a new suit under a new docket number appears to us to have been nothing more than an attempt to circumvent the rule forbidding one to pursue an action, after it has been transferred, in the court from which it has been transferred. Appellant insists that the two suits (Nos. 5059/533 and 857) *may have* involved different causes of action, and that it cannot be determined that they involved the same cause of action because there is no complaint in No. 5059/533, only a summons. This argument, however, is not persuasive. Given the parties defendant in the suits, and the apparent lack of connection between them and appellant other than as alleged tortfeasors and an injured party, it is difficult to suppose that the two suits involved different causes of action; furthermore, the record justifies the conclusion that they did not. In its motion for summary judgment in No. 857, Airways alleged that the cause of action there was the same as that in No. 5059/533. In response to this invitation to deny that the causes of action were the same, appellant pleaded:

> [T]he instant matter is a separately docketed cause of action [from No. 5059/533], the parties are not the same, and further, no issues were defined in the prior action as it was brought by Summons, thus no "similarity of issue" can be said to exist.

Thus appellant by negative implication admitted that the causes of action were the same.

Appellant suggests that he could have chosen to discontinue No. 5059/533 after it was transferred to Monroe County, and then filed his new suit at No. 857, in which event he would not have been barred by the rule we have been discussing. However, the rule is not so easily evaded. While a discontinuance may be made without first obtaining leave of court, the court may strike it off if that is necessary "in order to protect the rights of any party from unreasonable inconvenience, vexation, harassment, expense, or prejudice." Pa.R.C.P. 229(c). This case would have been a proper case for such action. "[O]nce the jurisdiction of a competent court has attached, discontinuance of the action ought not be permitted over objection of the adversary if the only reason for discontinuing is the plaintiff's desire to institute an action for the same cause in another forum." *Brown v. Phillips Gas and Oil Co.,* 365 Pa. 155, 159, 74 A.2d 105 (1950).

■ We hold, therefore, that the lower court properly granted summary judgment.[3] We recognize that this leaves appellant with no suit outstanding. If, however, he wishes to pursue his cause of action, he may ask the Monroe County court to open the judgment of non pros entered there. It may be that appellant can establish to the satisfaction of that court that his failure to file a complaint was due to Judge HIRSH's somewhat unusual order. We express no opinion on this point; we merely note it.

Affirmed.

WATKINS, former President Judge, did not participate in the consideration or decision of this case.

VAN der VOORT, J., dissents.

3. Summary judgment was not the proper form of motion, since the pleadings were not closed. Pa.R.C.P. 1035(a). However, as appellant did not object to the form of the motion, the lower court correctly treated it as a motion to dismiss for lack of jurisdiction over the subject matter. Pa.R.C.P. 1032(2); *Hughes et al. v. The Mine Hill and Schuylkill Haven Railroad Co.,* supra. Indeed, the lower court could have raised the point *sua sponte.* Goodrich-Amram 2d § 1032:7 (1976).