# White v. Behlke

C.P. of Lackawanna County, no. 03 CV 2663.

*Robert T. Szostak,* for plaintiffs.
*Chris J. Carling,* for defendants Behlke, Rabin and OB/GYN Consultants Ltd.
*Bruce L. Coyer,* for defendant CMC.

NEALON, *J.,* November 23, 2004—The parties' submissions in this malpractice action concern the appropriate procedure for seeking the dismissal of a professional negligence claim for failure to file a timely certificate of merit pursuant to Pa.R.C.P. 1042.3. For the reasons set forth below, a corporate liability claim against a hospital must be supported by an independent certificate of merit under Rule 1042.3(a)(1), since a corporate liability claim requires expert testimony and is not based solely on allegations of vicarious liability for the con-

duct of other health care professionals. Moreover, since Rule 1042.6 identifies a judgment of non pros as the sole means for challenging the absence of a certificate of merit, a health care provider may not use preliminary objections or a motion for judgment on the pleadings to secure the dismissal of a malpractice claim for failure to file a timely certificate of merit under Rule 1042.3. Finally, inasmuch as a judgment of non pros under Pa.R.C.P. 1042.6 is not an adjudication on the merits for res judicata purposes, the judgment of non pros entered in favor of one defendant in this case does not bar the minor plaintiff from filing another malpractice action against that defendant in accordance with the Minor Tolling Statute.

## I. FACTUAL BACKGROUND

Plaintiffs commenced this obstetrical malpractice suit by the filing of a writ of summons on June 26, 2003, naming, inter alia, Richard Behlke M.D., Marc Rabin M.D., OB/GYN Consultants Ltd., and Community Medical Center Health Care Systems as defendants. (Dkt. entry no. 1.) In response to rules to file a complaint, plaintiffs filed their original complaint on September 11, 2003. (*Id.,* nos. 5, 7, 11.) Count I of the complaint charged Dr. Rabin with specified negligence and Counts III, IV, and V addressed the conduct of Community Medical Center (CMC). Specifically, Count III set forth a corporate liability cause of action whereas Count IV asserted a vicarious liability claim based upon the actions of CMC's actual or ostensible agents. Count V sought to recover punitive damages from CMC based upon the same conduct alleged in Counts III and IV. (*Id.,* no. 11, pp. 5-8, 10-16.)

In any civil action filed after January 27, 2003, in which the plaintiff alleges "that a licensed professional deviated from an acceptable professional standard," the plaintiff must file a certificate of merit within 60 days of the filing of the complaint.[1] Pa.R.C.P. 1042.3(a) requires the certificate of merit to confirm that either: "(1) an appropriate licensed professional has supplied a written statement that there exists a reasonable probability that the care, skill or knowledge exercised or exhibited in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional standards and that such conduct was a cause in bringing about the harm, or (2) the claim that the defendant deviated from an acceptable professional standard is based solely on allegations that other licensed professionals for whom this defendant is responsible deviated from an acceptable professional standard, or (3) expert testimony of an appropriated licensed professional is unnecessary for prosecution of the claim." Pa.R.C.P. 1042.3(a)(1)-(3). The official note accompanying Rule 1042.3(a)(1) states that the "appropriate licensed professional" who provides the written statement must possess sufficient qualifications

---

1. Pa.R.C.P. 1042.1(b)(1)(i) states that a "licensed professional" includes a "health care provider as defined by section 503 of the Medical Care Availability and Reduction of Error (MCare) Act, 40 P.S. §1303.503." Section 503 of the MCare Act defines a "health care provider" as "[a] primary health care center, a personal care home . . . , or a person, including a corporation, university or other educational institution licensed or approved by the Commonwealth to provide health care or professional medical services as a physician, a certified nurse midwife, a podiatrist, hospital, nursing home, birth center, and an officer, employee or agent of any of them acting in the course and scope of employment." 40 P.S. §1303.503.

to testify as an expert under the new expert witness criteria set forth in section 512 of the MCare Act, 40 P.S. §1303 .512. See *Herbert v. Parkview Hospital,* 854 A.2d 1285, 1291-94 (Pa. Super. 2004) (discussing expert witness standard under 40 P.S. §1303.512); *Gartland v. Rosenthal,* 850 A.2d 671, 675-76 (Pa. Super. 2004) (same); *Wexler v. Hecht,* 847 A.2d 95, 102-105 (Pa. Super. 2004) (same).

Rule 1042.3(d) allows the court, "upon good cause shown," to extend the time for filing a certificate of merit for a period not to exceed 60 days, provided that the motion to extend is presented on or before the original deadline for the filing of the certificate of merit under Rule 1042.3(a). Although the plaintiffs' certificate of merit should have been filed in this case by November 10, 2003, the parties voluntarily extended that deadline while the defense produced relevant records. Due to a dispute regarding CMC's production of certain medical records and diagnostic testing materials, the plaintiffs filed a "Motion to extend time for filing of certificate of merit" on January 20, 2004. Dr. Behlke, Dr. Rabin, OB/GYN Consultants and CMC also filed preliminary objections challenging certain averments contained in the complaint on the grounds that they lacked the requisite specificity under Pa.R.C.P. 1019(a). In addition, CMC presented a demurrer to the plaintiffs' claim for punitive damages based upon section 505 of the MCare Act, 40 P.S. §1303.505. (Dkt. entry nos. 20-23, 26-27.)

The official note to Rule 1042.3(d) states that "[t]here is a basis for granting an extension of time within which to file the certificate of merit . . . if, despite diligent efforts by counsel, records necessary to review the validity of the

claim are not available." Based upon the plaintiffs' representation that the merits of their malpractice claims could not be evaluated by an appropriate expert until CMC produced the maternal fetal ultrasound studies, chord blood study specimen and chest x-ray films that the special discovery master had ordered CMC to produce, we granted the plaintiffs' motion for an extension on February 6, 2004, and directed the plaintiffs to file their certificates of merit within 60 days of the production of those designated items which were necessary "to review the validity of the proffered malpractice claims against the defendants." (*Id.,* no. 46.) As to the defendants' preliminary objections challenging the factual specificity of the plaintiffs' allegations, we directed the plaintiffs to file an amended complaint curing those factual inadequacies. (*Id.,* no. 47.) We deferred any ruling on CMC's demurrer to the punitive damages claim "pending the plaintiffs' production of a certificate of merit pursuant to Pa.R.C.P. 1042.3 within the next 60 days certifying that an appropriate licensed professional has supplied a written statement that the defendants are chargeable with willful or wanton conduct or reckless indifference to the rights of others." (*Id.,* ¶2.)

On April 5, 2004, the plaintiffs filed an amended complaint against Dr. Behlke, OB/GYN Consultants and CMC. Count II alleges a corporate liability claim against CMC while Count III asserts vicarious liability on the part of CMC. (Dkt. entry no. 55, pp. 7-11.) The amended complaint does not name Dr. Rabin as a defendant, nor does it contain any malpractice allegations against him. Additionally, the amended complaint does not include a claim for punitive damages against CMC or Dr. Behlke, presumably due to the plaintiffs' inability to secure a

supporting certificate of merit for that claim as per ¶2 of our order dated February 6, 2004.

Plaintiffs filed a certificate of merit as to Dr. Behlke on April 5, 2004, certifying pursuant to Rule 1042.3(a)(1) that an appropriate licensed professional had supplied a written statement regarding Dr. Behlke's deviation from the standard of care. (*Id.,* no. 54.) With respect to OB/GYN Consultants and CMC, the plaintiffs submitted a certificate of merit under Rule 1042.3(a)(2) stating that their professional negligence claims against those defendants were based solely on allegations that they are vicariously liable for the negligence of other licensed professionals. (*Id.,* nos. 52-53.) However, the plaintiffs did not produce a certificate of merit under Rule 1042.3(a)(1) with regard to their corporate liability claim against CMC.

On April 7, 2004, CMC filed preliminary objections to the plaintiffs' amended complaint seeking to strike the corporate liability claim (Count II) for failure to file a supporting certificate of merit in accordance with Pa.R.C.P. 1042.3(a)(1). (*Id.,* no. 57.) In response, the plaintiffs belatedly filed a certificate of merit relative to their corporate liability claim on April 12, 2004, setting forth the required statement pursuant to Rule 1042.3(a)(1). (*Id.,* no. 60.) On April 14, 2004, CMC filed a motion to strike the certificate of merit dated April 12, 2004, on the grounds that it was filed untimely under Rule 1042.3(a). (*Id.,* nos. 61-63.)

On July 6, 2004, Dr. Rabin filed a motion for judgment on the pleadings asserting that he should be dismissed with prejudice due to the absence of a supporting certificate of merit against him. (*Id.,* no. 67.) On August 2, 2004, the plaintiffs filed an answer to Dr. Rabin's motion and included a "Counter-petition to discontinue

action without prejudice nunc pro tunc pursuant to Pa.R.C.P. 229 as to defendant, Marc Rabin M.D." (*Id.,* no. 71.) On October 25, 2004, Dr. Behlke filed a praecipe for entry of judgment of non pros under Pa.R.C.P. 1042.6, and on that date, the clerk of judicial records entered a judgment of non pros in favor of Dr. Rabin. (*Id.,* nos. 73-74.) On November 8, 2004, the plaintiffs then filed a "Petition to strike praecipe of non-party, Marc Rabin M.D., for entry of judgment of non pros pursuant to Rule 1042.6." (*Id.,* no. 76.)

Plaintiffs contend that their original certificate of merit with respect to CMC is sufficient under Rule 1042.3(a) since their corporate liability claim is allegedly predicated upon the actions of other licensed professionals for whom CMC is responsible. Plaintiffs further aver that assuming arguendo that a separate, corporate liability certificate of merit was required under Rule 1042.3(a)(1), they did in fact file such a certificate before CMC secured any judgment of non pros pursuant to Rule 1042.6. CMC counters that inasmuch as it is merely seeking to strike Count II of the amended complaint rather than requesting judgment in its favor on all claims, preliminary objections are the appropriate vehicle by which to challenge a single theory of liability which is unsupported by a certificate of merit.

In his motion for judgment on the pleadings, Dr. Rabin seeks to dismiss all malpractice claims with prejudice since plaintiffs have not submitted a supporting certificate of merit with regard to him. Plaintiffs request leave of court nunc pro tunc to voluntarily discontinue their claims against Dr. Rabin without prejudice to the minor plaintiff's right to refile a malpractice action against Dr.

Rabin in the future in accordance with the Minor Tolling Statute, 42 Pa.C.S. §5533. In an apparent effort to preserve the minor plaintiff's malpractice claim under the Minor Tolling Statute, the plaintiffs also seek to strike Dr. Rabin's judgment of non pros which he obtained pursuant to Rule 1042.6. Encumbered by this involved procedural background, we will address the parties' certificate of merit arguments.

## II. DISCUSSION

### (A) *Corporate Liability Claim Against CMC*

Pa.R.C.P. 1042.3(a) requires a certificate of merit to be filed in any civil action in which the plaintiff alleges that a "licensed professional" deviated from an acceptable professional standard. Cf. *Thompson v. Janetta,* 152 Pitts. L.J. 162, 163 (Allegheny Cty. 2004) (since a lack of informed consent claim is not based on an allegation that the physician deviated from an accepted professional standard, Rule 1042.3 does not require the filing of a certificate of merit in an informed consent case); *Herrmann v. Pristine Pines of Franklin Park Inc.,* 64 D.&C.4th 14, 20 (Allegheny Cty. 2003) (where a complaint does not allege a professional liability claim against a licensed professional, the plaintiff is not required to file a certificate of merit). As stated above, a "health care provider" under section 503 of the MCare Act is considered to be a "licensed professional" for purposes of Rule 1042.3, and 40 P.S. §1303.503 defines a "health care provider" as including a hospital. (See n.1, *supra.*) Thus, by definition, Rule 1042.3(a) and 40 P.S. §1303.503 require a certificate of merit to be filed if a plaintiff alleges that

a hospital deviated from the accepted standard of care. However, plaintiffs contend that since a hospital can only act through its agent or employees, a corporate liability claim need only be supported by a vicarious liability certificate of merit under Pa.R.C.P. 1042.3(a)(2).

In the seminal case of *Thompson v. Nason Hospital,* 527 Pa. 330, 591 A.2d 703 (1991), the Supreme Court of Pennsylvania recognized the doctrine of corporate liability based upon a hospital's duties "to use reasonable care in the maintenance of safe and adequate facilities and equipment," "to select and retain only competent physicians," "to oversee all persons who practice medicine within its walls as to patient care," and "to formulate, adopt and enforce adequate rules and policies to ensure quality care for the patients . . . ." *Id.* at 339-40, 591 A.2d at 707. Unlike vicarious liability which is predicated upon the negligence of an actual or ostensible agent, a cause of action for corporate negligence is not dependent upon the negligence of a third party such as a physician or nurse. *Welsh v. Bulger,* 548 Pa. 504, 513, 698 A.2d 581, 585 (1997); *Oven v. Pascucci,* 46 D.&C.4th 506, 513 (Lacka. Cty. 2000). Instead, corporate liability is based on the negligent acts of the institution. *Moser v. Heistand,* 545 Pa. 554, 561, 681 A.2d 1322, 1326 (1996). A cause of action for corporate negligence arises from the policies, actions or inaction of the institution itself rather than the specific acts of individual hospital agents. *Welsh, supra; Moser,* 545 Pa. at 560, 681 A.2d at 1326; *Gurevitz v. Piczon,* 42 D.&C.4th 308, 317-18 (Lacka. Cty. 1999) (corporate liability is premised "upon the systemic or institutional negligence of the hospital itself rather than the acts of individual hospital employees."). Therefore, under the theory of corporate liability, "a corporation is

held directly liable, as opposed to vicariously liable, for its own negligent acts." *Welsh, supra,* 548 Pa. at 513, 698 A.2d at 585; *Rauch v. Mike-Mayer,* 783 A.2d 815, 827 (Pa. Super. 2001), *app. denied,* 568 Pa. 634, 793 A.2d 909 (2002).

Notwithstanding the plaintiff's argument to the contrary, it is apparent that corporate negligence is distinct from vicarious liability and is not contingent upon "allegations that other licensed professionals for whom [the] defendant is responsible deviated from an acceptable professional standard" as per Rule 1042.3(a)(2). Furthermore, unless a hospital's corporate negligence is obvious, "a plaintiff must produce expert testimony to establish that the hospital deviated from an accepted standard of care and that the deviation was a substantial factor in causing the harm to the plaintiff." *Welsh,* 548 Pa. at 514, 698 A.2d at 585. Accord, *Rauch, supra; Whittington v. Episcopal Hospital,* 768 A.2d 1144, 1149-50 (Pa. Super. 2001). Accordingly, since a corporate liability claim is not based solely on respondeat superior principles and, except in cases of obvious negligence, must be supported by expert testimony establishing a deviation from the accepted standard of care, a certificate of merit under Rule 1042.3(a)(1) is required for a corporate negligence claim.[2] But, see *Olshan v. Tenet Health System City Av-*

---

2. As a general rule, a medical malpractice plaintiff must present medical expert testimony to establish that the defendant health care provider "deviated from good and acceptable medical standards, and that such deviation was a substantial factor in causing the harm suffered." *Sutherland v. Monongahela Valley Hospital,* 856 A.2d 55, 60 (Pa. Super. 2004). "A very narrow exception to the requirement of expert testimony in medical malpractice actions applies 'where the matter is so simple or the lack of skill or care so obvious as to be

*enue,* 849 A.2d 1214, 1218 (Pa. Super. 2004) (remarking in obiter dictum that "no such certificate [of merit] is required for allegations made against the hospital or other corporate entity.").

CMC submits that it may seek to dismiss the plaintiffs' corporate liability claim by presenting preliminary objections in the nature of a motion to strike Count II of the amended complaint. Pa.R.C.P. 1042.1–1042.8 set forth specific procedures governing certificates of merit, including the model form of the certificate of merit, the sanctions which may be imposed upon a lawyer for improperly certifying that a supporting written opinion exists, and limitations on discovery prior to the filing of a certificate of merit. See Pa.R.C.P. 1042.5, 1042.7 and 1042.8. Rule 1042.6 prescribes the procedure to be followed by a defendant to obtain relief based upon the plaintiff's failure to file a timely certificate of merit, and states that "[t]he prothonotary, on praecipe of the defendant, shall enter a judgment of non pros against the plaintiff for failure to file a certificate of merit within the required time provided that there is no pending timely filed motion seeking to extend the time to file the certificate." Pa.R.C.P. 1042.6(a). Rule 1042.6(b) even provides the form for the "Praecipe for entry of judgment of non pros

---

within the range of experience and comprehension of even non-professional persons,' [citation omitted], also conceptualized as the doctrine of res ipsa loquitur." *Toogood v. Owen J. Rogal D.D.S. P.C.,* 573 Pa. 245, 255, 824 A.2d 1140, 1145 (2003); *Colacicco v. Karumbaya,* 65 D.&C.4th 555, 559-60 (Lacka. Cty. 2004). Rule 1042.3(a)(3) addresses res ipsa loquitur and obvious instances of negligence and allows for the filing of a certificate of merit verifying that "expert testimony of an appropriate licensed professional is unnecessary for prosecution of the claim."

pursuant to Rule 1042.6" to be used by defendants.[3] However, the Rules of Procedure governing certificates of merit do not authorize the use of any other pleading, motion or filing to challenge the absence of a certificate of merit under Rule 1042.3.

---

3. The official note to Rule 1042.6(a) states that the 10-day notice provision in "Rule 237.1 does not apply to a judgment of non pros entered under this rule." See also, *Parkway Corp. v. Edelstein*, 861 A.2d 264, 268 (Pa. Super. 2004) ("There is especially no necessity for notice to be given of intent to file a praecipe for non pros, as the note to Rule 1042.6 specifically states that Rule 237.1 'does not apply to a judgment of non pros entered under this rule.'"). The lack of any notice requirement has resulted in the proverbial race to the courthouse on the 60th day following the filing of the complaint, with plaintiff's counsel attempting to file a certificate of merit under Rule 1042.3(a) or a motion for an extension pursuant to Rule 1042.3(d) before defense counsel files a praecipe for entry of judgment of non pros under Rule 1042.6. See *e.g., Moore v. John A. Luchsinger P.C.*, 862 A.2d 631, 632 (Pa. Super. 2004) (holding that a judgment of non pros may not be entered "in a professional malpractice case *after* a certificate of merit has already been filed, whether or not the certificate was filed late" and remanding for a hearing to determine when the praecipe for entry of judgment of non pros should be deemed filed); *Kerry v. Butler Memorial Hospital*, 66 D.&C.4th 569, 576 (Butler Cty. 2004) (petition to open judgment of non pros denied where defendant filed a praecipe to enter judgment of non pros on January 13, 2004 and plaintiff filed certificates of merit on January 14, 2004); *Helfrick v. UPMC Shadyside Hospital (Helfrick I)*, 64 D.&C.4th 129, 132-36 (Allegheny Cty. 2003) (petition to open judgment of non pros granted where plaintiff filed a certificate of merit at 8:30 a.m. on the 64th day after the complaint was filed and defense counsel filed a praecipe for entry of judgment of non pros at 2:38 p.m. on the same date). Delinquent plaintiffs who lose the race to the courthouse and thereafter seek to set aside a judgment of non pros must satisfy the tripartite test contained in Pa.R.C.P. 3051, including a reasonable explanation for failing to seek an extension within the 60-day time period pursuant to Rule 1042.3(d). See *Hoover v. Davila*, 862 A.2d 591, 595 and n.3 (Pa. Super. 2004); *Koken v. Lederman*, 840 A.2d 446,

According to the plain language of Rule 1042.6, if a plaintiff neglects to file a timely certificate of merit, the defendant's sole recourse is to praecipe for the entry of judgment of non pros. Although CMC argues that preliminary objections should also be regarded as a proper procedure for a certificate of merit challenge, Pa.R.C.P. 127 directs that when the words of a rule are clear, the letter of the rule may not be disregarded under the pretext of pursuing its spirit. *Sahutsky v. H.H. Knoebel Sons,* 566 Pa. 593, 596, 782 A.2d 996, 998 (2001). If the Supreme Court had intended for preliminary objections to be employed to dismiss malpractice claims which are not properly supported by certificates of merit, that procedural option would have been identified in Pa.R.C.P. 1042.6. It is not our prerogative to insert language into a rule which was not included by the drafters of the rule. Cf. *Olsofsky v. Progressive Insurance Co.,* 52 D.&C.4th 449, 477 (Lacka. Cty. 2001) ("The judiciary should not attempt to assume the role of the legislature by inserting language into a statute which the General Assembly has seen fit to exclude.").

Even assuming for the sake of argument that Rule 1042.6 was not so explicit in identifying the proper procedure to be followed, we would note that our interpretation of Rule 1042.6 achieves the goal sought to be attained by the certificate of merit rules. See Pa.R.C.P. 127(c) (when the words of a rule are not explicit, the intention of the Supreme Court may be ascertained by

448-49 (Pa. Commw. 2003). Compare *Velazquez v. UPMC Bedford Memorial Hospital,* 328 F. Supp.2d 549, 560 (W.D. Pa. 2004) (finding Pa.R.C.P. 3051 inapplicable and holding that courts have no discretion to open a judgment of non pros entered pursuant to Rule 1042.6 even if reasonable explanation or legitimate excuse for inactivity or delay is provided).

considering, inter alia, the occasion and necessity for the rule, the mischief sought to be remedied, and the object to be attained). The purpose of Pa.R.C.P. 1042.1-1042.8 is to weed out non-meritorious malpractice claims at an early stage of the litigation by compelling the plaintiff to certify that [s]he has obtained an appropriate expert opinion in support of the plaintiff's claims before requiring the defendant health care provider to incur the burden and expense of discovery, depositions and pretrial preparation. See e.g., *Supervalu Inc. v. Construction Engineering Consultants Inc.,* 65 D.&C.4th 449, 453 (Allegheny Cty. 2004) ("The purpose of Pa.R.C.P. 1042.1 et seq. is to protect licensed professionals from expending resources to defend professional liability claims that may never be substantiated by expert testimony . . . ."); *Speicher v. Toshok,* 63 D.&C.4th 435, 443 (Allegheny Cty. 2003) ("The purpose of these rules is to minimize the costs of defense and the time that a licensed professional must devote to the litigation until the plaintiff has been able to secure a certificate of merit."). An expert in hospital practices and policies has reportedly furnished the plaintiffs' counsel with a written statement opining that CMC deviated from the acceptable standard of care and that such corporate negligence was a cause in bringing about the minor plaintiff's harm.[4] Therefore, the plain-

---

4. If CMC is ultimately dismissed from this case through voluntary dismissal, verdict or order of court, Rule 1042.7(a) entitles it to demand that the plaintiffs provide CMC "with the written statement obtained from the licensed professional upon which the certificate of merit as to that defendant was based." Rule 1042.7(b) further provides that if the court determines that an attorney has violated Rule 1042.3(a)(1) by improperly certifying that the required written opinion exists, the court may impose appropriate sanctions, including those identified in Pa.R.C.P. 1023.4.

tiffs in this case have provided CMC with the requisite certificate of merit under Rule 1042.3(a)(1) so as to allow their corporate liability claim to proceed beyond the pleadings phase of this suit and to justify requiring CMC to incur further expense in the defense of that claim.

In short, the plaintiffs have won the race to the courthouse discussed in n.3, *supra.* Since the unambiguous language of Rule 1042.6 required CMC to challenge the absence of a certificate of merit via a praecipe for judgment of non pros, see *Thompson,* 152 Pitts. L.J. at 163 (affirming entry of judgment of non pros as to two of three counts of the complaint), and the plaintiffs belatedly filed their supporting certificate of merit before the entry of any judgment of non pros with regard to the corporate liability claim, CMC's preliminary objections will be overruled and its motion to strike the corporate liability certificate of merit will be denied. See *Boyd v. Cheltenham York Road Nursing and Rehabilitation Center Inc.,* no. 1243 April term 2003, Bernstein, J., at p. 2 (Phila. Cty. Oct. 14, 2003) ("No rule permits and no policy reason exists for striking a certificate of merit attesting to the validity of the claim of professional negligence where the defense itself has refrained from exercising its [judgment of non pros] rights under Rule 1042.6(a).").

## (B) *Malpractice Claims Against Dr. Rabin*

As a result of the plaintiffs' failure to file a certificate of merit addressing Dr. Rabin's care and treatment, Dr. Rabin originally filed a motion for judgment on the pleadings and later filed a praecipe for entry of judgment of non pros pursuant to Rule 1042.6. In reply, the plaintiffs have presented a petition to discontinue this malpractice

action against Dr. Rabin without prejudice and a separate petition seeking to strike Dr. Rabin's praecipe for entry of judgment of non pros.

Plaintiffs contend that Dr. Rabin's motion for judgment on the pleadings and praecipe for entry of judgment of non pros are fatally flawed since they identify Dr. Rabin as a named defendant in their captions. Plaintiffs posit that subsequent to the filing of the amended complaint, Dr. Rabin lacks standing to file any motion or petition inasmuch as he is no longer a party to this action. However, as evidenced by the plaintiffs' own petition to "Discontinue action without prejudice nunc pro tunc pursuant to Pa.R.C.P. 229 as to defendant, Marc Rabin M.D.," the claims against Dr. Rabin may be discontinued by the plaintiffs only by leave of court. Rule 229(b) provides that "[a] discontinuance may not be entered as to less than all defendants except upon the written consent of all parties or leave of court after notice to all parties," and Rule 2039(a) states that "[n]o action to which a minor is a party shall be . . . discontinued except after approval by the court . . . ." Absent court action or order, the plaintiffs' amended complaint did not necessarily operate to discontinue this matter as to Dr. Rabin. In fact, even after the filing of the amended complaint, the plaintiffs themselves continued to file motions, briefs and other papers which identify Dr. Rabin as a defendant.[5]

---

5. For example, the plaintiffs' response to CMC's preliminary objections, their brief in opposition to CMC's preliminary objections, their response to CMC's motion to strike, their brief in opposition to CMC's motion to strike, and their amended stipulation dated September 27, 2004, all identify Dr. Rabin as a named defendant. (Dkt. entry nos. 68-70, 72.)

With respect to the merits of Dr. Rabin's filings, as we have noted in section II (A) above, the certificate of merit rules designate a judgment of non pros as the sole means for seeking the dismissal of a malpractice claim due to the lack of a supporting certificate of merit. Since a motion for judgment on the pleadings is not identified in Rule 1042.6 as a device for challenging the absence of a certificate of merit, Dr. Rabin's motion for judgment on the pleadings will be denied on that basis. See *Harris v. Sangodeyi,* no. 11339 of 2003, Kunselman, P.J., at p. 4 (Beaver Cty. Sept. 3, 2004) ("a certificate of merit required by Pa.R.C.P. 1042.3 is not part of the pleadings and so the failure to timely file a certificate of merit cannot be the basis upon which to enter judgment on the pleadings."). Dr. Rabin, nevertheless, did proceed correctly by filing a praecipe under Rule 1042.6 and securing a judgment of non pros.

Plaintiffs seek to strike Dr. Rabin's judgment of non pros and submit that their petition to discontinue without prejudice should be granted in order to preserve the minor plaintiff's ability to file a malpractice claim against Dr. Rabin in the future. An injury to a minor gives rise to two separate causes of action: one being the parents' claim for medical expenses and loss of the minor's services during minority, and the other being the minor's claim for economic losses (medical expenses and loss of earnings) after minority and for pain and suffering both during minority and after reaching the age of majority. *Schmidt v. Kratzer,* 402 Pa. 630, 635, 168 A.2d 585, 587 (1961); *Brower by Brower v. City of Philadelphia,* 124 Pa. Commw. 586, 590, 557 A.2d 48, 50 (1989), *app. denied,* 525 Pa. 604, 575 A.2d 569 (1990); *Shumek v. Scranton Counseling Center,* 100 Lacka. Jur. 173, 175

(1999). Although the minor's claims are governed by the Minor Tolling Statute which tolls the commencement of the applicable statute of limitations until the minor reaches the age of majority, the parents' nonderivative claims for economic losses during the child's minority are subject to the customary limitations period. See *Hathi v. Krewstown Park Apartments,* 385 Pa. Super. 613, 616, 561 A.2d 1261, 1262 (1989); *Santiago v. St. Luke's Hospital,* 26 D.&C.4th 385, 387 (Northampton Cty. 1996). Hence, a minor may be permitted to discontinue an action without prejudice, particularly at an early stage of the litigation and before the defense has incurred considerable expense in pretrial preparation. See *Fancsali v. University Health Center of Pittsburgh,* 563 Pa. 439, 450-51, 761 A.2d 1159, 1165 (2000); *Conway v. Yavorek,* 101 Lacka. Jur. 205, 210-11 (1999), *aff'd,* 564 Pa. 248, 766 A.2d 854 (2001). Compare *Truesdale by Truesdale v. Albert Einstein Medical Center,* 767 A.2d 1060, 1064-65 (Pa. Super. 2001) (trial court's discontinuance of incompetent's action without prejudice until she regained competence was an abuse of discretion since it extended the limitations period indefinitely and the defendant had already "expended substantial effort and expense in the process of litigation . . . .").

It is unnecessary for the plaintiffs to strike Dr. Rabin's judgment of non pros in order to protect the minor plaintiff's right to file a malpractice action against Dr. Rabin. An entry of judgment of non pros for failure to file a complaint or prosecute an action diligently is not considered to be an adjudication on the merits so as to have any res judicata or collateral estoppel effect. See *Municipality of Monroeville v. Liberatore,* 736 A.2d 31, 33 (Pa. Commw. 1999) (judgment of non pros, with preju-

dice, for failure to prosecute is not a determination on the merits and has no res judicata effect), *app. denied,* 561 Pa. 704, 751 A.2d 195 (2000); *Gutman v. Giordano,* 384 Pa. Super. 78, 81, 557 A.2d 782, 783 (1989) (non pros judgment for failure to answer a trial listing is not an adjudication on the merits and may not form the basis for application of res judicata); *Brower v. Berlo Vending Co.,* 254 Pa. Super. 402, 406, 386 A.2d 11, 13 (1978) (citations omitted) ("An order of non pros adjudicates nothing, so it cannot be res judicata . . . [n]or may an order of non pros support a plea of collateral estoppel, since (to name only one defect) it does not involve a 'final judgment on the merits.' "). For that reason, where a plaintiff has suffered a judgment of non pros, [s]he may later commence a new action involving the same parties and alleging the same cause of action "so long as the second action is commenced within the applicable statute of limitations." *Hatchigian v. Koch,* 381 Pa. Super. 377, 381, 553 A.2d 1018, 1020 (1989). Consistent with this reasoning, if a judgment of non pros is entered against a plaintiff pursuant to Pa.R.C.P. 1042.6, the plaintiff may nonetheless commence a second action against the same health care provider(s) provided that the applicable statute of limitations has not yet expired. *Helfrick v. UPMC Shadyside Hospital,* 65 D.&C.4th 420, 427-28, 439 (Allegheny Cty. 2003). In the event that the plaintiff is a minor, [s]he may refile such a second suit at any time prior to reaching the age of 20. See 42 Pa.C.S. §5533(b).

As a result, Dr. Rabin's judgment of non pros does not foreclose Cody White from filing a second malpractice action against Dr. Rabin prior to the minor plaintiff's 20th birthday. Plaintiffs have not articulated any legitimate reason for striking Dr. Rabin's judgment of non pros

which was properly entered pursuant to Rule 1042.6. Furthermore, the relief requested by the plaintiffs' nunc pro tunc petition is unwarranted in that the validly entered judgment of non pros does not affect the minor plaintiff's right to file another malpractice claim against Dr. Rabin. Accordingly, the plaintiffs' motion to strike Dr. Rabin's judgment of non pros will be denied and their petition to discontinue without prejudice nunc pro tunc will be dismissed as moot. An appropriate order follows.

## ORDER

And now, November 23, 2004, upon consideration of the preliminary objections, motion for judgment on the pleadings, motions to strike, and counterpetition to discontinue without prejudice nunc pro tunc filed by the parties, the memoranda of law and oral argument presented by counsel, and based upon the reasoning set forth in the foregoing memorandum, it is hereby ordered and decreed that:

(1) The preliminary objections of defendant Community Medical Center Health Care Systems are overruled and dismissed;

(2) The motion of defendant Community Medical Center Health Care Systems to strike the plaintiffs' certificate of merit dated April 12, 2004, is denied;

(3) The motion of defendant Marc Rabin M.D. for judgment on the pleadings is denied;

(4) Plaintiffs' petition to strike the praecipe of defendant Marc Rabin M.D. for entry of judgment of non pros is denied; and

(5) The clerk of judicial records is directed to remove Marc Rabin M.D. as a named party in this suit; and

(6) Since the judgment of non pros entered in favor of Marc Rabin M.D. does not preclude the minor plaintiff from refiling a malpractice action against defendant Marc Rabin M.D., in accordance with the Minor Tolling Statute, 42 Pa.C.S. §5533, the plaintiffs' counterpetition to discontinue this action with prejudice nunc pro tunc pursuant to Pa.R.C.P. 229 as to defendant Marc Rabin M.D., is dismissed as moot.