## Jeffcoat v. Hawes

C.P. of Philadelphia County, no. 9811-3086.

*M. Mark Mendel,* for plaintiff.
*J. Shane Creamer,* for defendant Hawes.
*David F.C. Griesing,* for defendant PFMC.
*Peter F. Vaira,* for defendant Martin.

LEVIN, *J.,* August 13, 1999—Before this court are defendants' preliminary objections to plaintiff's amended class action complaint and all responses thereto. The court held oral argument on the merits of defendants' preliminary objections on August 5, 1999. The court sustains defendants' preliminary objections under Pa.R.C.P 1028(a)(5) because plaintiff and other rate-paying customers of PGW lack the capacity to sue, as they have no standing to pursue their claims against defendants.

## INTRODUCTION

Terra Evans Jeffcoat, as a Philadelphia resident and purchaser of natural gas services from Philadelphia Gas Works, has filed a class action complaint on behalf of herself and other rate-paying customers of Philadelphia Gas Works against current and former directors of Philadelphia Facilities Management Corporation.[1] Jeffcoat has

---

1. Philadelphia Facilities Management Corporation is a private non-profit corporation that manages the collection of assets known as PGW under a contract (*i.e.* management agreement) with the City of Phila-

sued defendants for breach of contractual, public, and fiduciary duties because defendants allegedly failed to manage PGW in an efficient, lawful and proper manner. (Am. compl. ¶1.)

Preliminary objections in the nature of a demurrer are appropriate when a complaint is legally insufficient or when plaintiff lacks the capacity to sue. Pa.R.C.P. 1028(a)(4), (a)(5).

In ruling on preliminary objections in the nature of a demurrer the court must accept the truth of "[a]ll material facts set forth in the complaint as well as all inferences reasonably deducible therefrom . . . . The question presented by the demurrer is whether, on the facts averred, the law says with certainty that no recovery is possible. Where a doubt exists as to whether a demurrer should be sustained, this doubt should be resolved in favor of overruling it." *McMahon v. Shea,* 547 Pa. 124, 129, 688 A.2d 1179, 1181 (1997). See also, *Moser v. Heistand,* 545 Pa. 554, 559, 681 A.2d 1322, 1325 (1996); *Mahoney v. Furches,* 503 Pa. 60, 66, 468 A.2d 458, 461-62 (1983).

Jeffcoat and other rate-paying customers of PGW lack standing to pursue claims against defendants because the management agreement does not reveal an intention by both PFMC and the City of Philadelphia that PFMC would be liable to ratepayers for breaching the management agreement. "[A] promisor who contracts with a government or governmental agency to do an act for or render service to the public is not subject to contractual liability to a member of the public for consequential damages resulting from performance or failure to perform

---

delphia which owns the assets. *Philadelphia Facilities Management Corp. v. Biester,* 60 Pa. Commw. 366, 375, 431 A.2d 1123, 1128 (1981).

unless (a) the terms of the promise provide for such liability[.]" *Drummond v. University of Pennsylvania,* 651 A.2d 572, 579 (Pa. Commw. 1994). (footnote omitted) "When a governmental contract is at issue, the test for whether a member of the public is a third-party beneficiary must be strictly applied." *Id.* at 578 (citing *Clifton v. Suburban Cable TV Company Inc.,* 434 Pa. Super. 139, 642 A.2d 512 (1994)). Nothing in the management agreement shows that PFMC or the city intended to permit the general public or ratepayers to impose liability on PFMC or the city for either party's breach of the management agreement. The management agreement expressly provides that "PFMC shall manage and operate all the property real and personal collectively known as the Gas Works, for the sole and exclusive benefit of the city . . . ." (Management agreement §1, ¶1, at p. 1.) The management agreement also provides that "[t]he Gas Commission shall have the responsibility for the overseeing of the operation of the Gas Works by the company. All power not specifically granted to the company shall reside in the Gas Commission." (Management agreement §VI, ¶9, at p. 10.) The Gas Commission also "fix[es] and regulate[s] rates and charges for supplying gas to customers. . . ." (Management agreement §VII, ¶1(a), at p. 10.) In light of these provisions, the court is convinced that the management agreement does not confer standing upon individual rate-paying customers of PGW.[2]

---

2. Plaintiff's allegation that the "individual defendants have entered into a scheme and plan to cause members of the class to pay excessive utility rates because of the financial improprieties committed upon them by the defendants" is not sufficient to overcome the standing requirement because plaintiff must challenge the lawfulness

There are no other bases from which the court could grant rate-paying customers standing because defendants' actions have not gone unchallenged as city council, the Philadelphia District Attorney's office and the city comptroller are investigating PFMC's management of PGW. (PFMC's mem. at 6.) A person who lacks a substantial, direct and immediate interest in a controversy may still be granted standing if the issue is likely to escape judicial review. *Sprague v. Casey*, 520 Pa. 38, 43, 550 A.2d 184, 187 (1988). An issue is likely to escape judicial review when "those directly and immediately affected by the complained of conduct were beneficially affected as opposed to adversely affected." *Id.* at 44, 550 A.2d at 187. In addition, before dismissing plaintiff's complaint for lack of standing, the court can also consider (1) the appropriateness of judicial relief; (2) the availability of redress through other channels; or (3) the existence of other persons better situated to assert the claim. *Id.* at 44, 550 A.2d at 187 (citing *Application of Biester*, 487 Pa. 438, 409 A.2d 848 (1979). It is hard for this court to fathom how the city could be or has been beneficially affected by the alleged mismanagement of PGW. That the Gas Commission was not vigilant enough to prevent the alleged mismanagement or has not vigorously and expediently pursued means to remedy the defendants' alleged misconduct does not mean the city has benefited from PFMC's actions.

Similarly, the other exceptions to the standing requirement do not apply. First, the Gas Commission is the ap-

---

of utility rates at the Gas Commission before seeking a judicial remedy. *Byer v. Peoples Natural Gas Co.*, 251 Pa. Super. 75, 79-80, 380 A.2d 383, 386 (1977); *Public Advocate v. Philadelphia Gas Commission*, 544 Pa. 129, 133, 674 A.2d 1056, 1059 (1996).

propriate forum to challenge gas rates. *Byer v. Peoples Natural Gas Co.,* 251 Pa. Super. 75, 79-80, 380 A.2d 383, 386 (1977); *Public Advocate v. Philadelphia Gas Commission,* 544 Pa. 129, 133, 674 A.2d 1056, 1059 (1996). Second, as a contracting party to the management agreement, the City of Philadelphia is better situated to assert claims for breaches of that contract. Consequentially, the exceptions to the standing requirement are inapplicable, and thus plaintiff and other rate-paying customers of PGW lack standing to pursue claims against PFMC and its current and former directors.

Accordingly, the court enters the appended order.

### ORDER

And now, August 13, 1999, having considered defendants' preliminary objections to plaintiff's amended class action complaint, all responses thereto, and after hearing oral argument on the merits of defendants' preliminary objections, the court orders that:

Defendants' preliminary objections to plaintiff's complaint are sustained.

Plaintiff's amended class action complaint is dismissed with prejudice.