## Estate of Mathews v. Township of Millcreek

C.P. of Erie County, no. 11693-1999.

*Peter Friday,* for plaintiffs.
*Mark Mioduszewski,* for defendant.

ANTHONY, *J.,* March 13, 2000—This matter comes before the court on defendant's preliminary objections to the plaintiffs' amended complaint. After a review of the complaint and the briefs of the parties and considering the arguments of counsel, this court will sustain the objections. The factual and procedural history is as follows.

On July 16, 1998, plaintiffs' decedent, Paul M. Mathews, left the paved surface of West 29h Street at or about the intersection of West 29th Street and Atlantic Avenue in Millcreek Township, Erie County, Pennsylvania while operating his motorcycle. This caused Mathews to be thrown from the motorcycle and was later declared dead from the injuries sustained in the accident.

Plaintiffs[1] filed a complaint on May 21, 1999, defendant filed preliminary objections to the complaint on September 21, 1999 and an amended complaint was filed on October 8, 1999. Defendant filed its preliminary objections to the amended complaint and a brief in support on December 3, 1999. Plaintiffs filed a reply brief on January 14, 2000. Arguments were held in chambers in which all parties were represented.

There are two issues before the court on defendant's objections. The first is whether Mathews' mother can be a properly named plaintiff in the suit at issue. The second issue is whether the plaintiffs can maintain any claims for the loss of aid, companionship, etc. of Mathews. These claims are often referred to as parental or filial consor-

---

1. The administrator of the estate of Mathews, Kathleen M. Crowe, is the Mathews' sister. Louise Mathews is the Mathews' mother.

tium claims. The court will address the issues in the order presented.

The first issue presented to the court is in the nature of a motion to strike. Defendant asserts that the Pennsylvania Rules of Civil Procedure, specifically Pa.R.C.P. 2202(a), provides that only the personal representative may bring a wrongful death action. Plaintiffs assert that they are proceeding under Pa.R.C.P. 2202(b), which allows both parties to be named plaintiffs in the lawsuit. Rule 2202 states that:

"(a) Except as otherwise provided in clause (b) of this rule, an action for wrongful death shall be brought only by the personal representative of the decedent for the benefit of those persons entitled by law to recover damages for such wrongful death.

"(b) If no action for wrongful death has been brought within six months after the death of the decedent, the action may be brought by the personal representative or by any person entitled by law to recover damages in such action as trustee ad litem on behalf of all persons entitled to share in the damages.

"(c) While an action is pending it shall operate as a bar against the bringing of any other action for such wrongful death." Pa.R.C.P. 2202. (emphasis added)

Thus, the rule allows that a personal representative is the only person who may bring a suit within the first six months after a decedent has died. However, (b) allows anyone entitled by law to recover damages to bring a suit after the six-month period has run. The rule does not specifically state whether a suit by a personal representative that is filed after the six-month period bars all claims by other parties under 2202(b) or whether they may bring actions on their own accord.

Defendant directs the court's attention to a decision by the Honorable Judge George T. Kelton in *Sedia v. Diggs,* 42 D.&C.3d 307 (Bucks Cty. 1986), that has addressed the same issue. In *Sedia,* the personal administrator and the decedent's parents joined in a single wrongful death action against a number of defendants. *Sedia* also arose out of a motor vehicle accident. Judge Kelton held that the parents' claims could not be maintained and their names would be stricken from the complaint. *Id.* at 310. Judge Kelton stated that any damages would be distributed to the beneficiaries of the deceased under statute, which would have been the parents. Furthermore, Judge Kelton determined that Pa.R.C.P. 2202(b) authorized only one person to bring a lawsuit and that Pa.R.C.P. 2203 would protect any beneficiaries from a plaintiff who was derelict in his duties.

The court agrees with the opinion of Judge Kelton. By the terms of Pa.R.C.P. 2202(b), only one person is entitled to bring suit—either the personal representative or a person entitled to recover damages under law. In this case, a personal representative has brought suit and this forecloses any action by Mathews' mother. Her name will be stricken from the caption as a party-plaintiff.

The next issue presented to the court is in the nature of a demurrer. Defendant contends that Pennsylvania law does not recognize a claim for parental or filial consortium. Therefore, any claims in the amended complaint based on parental or filial consortium should be dismissed. Plaintiff argues that a parent may recover for filial or parental consortium damages under the wrongful death statute and cite to a recent opinion by the Honorable Judge R. Stanton Wettick Jr., *Ehrman v. Mid-*

*American Waste Systems of Pennsylvania,* 39 D.&C.4th 235 (Allegheny Cty. 1998) as support.

When addressing a demurrer, the court must accept as true all well-pled facts set forth in the complaint and give the plaintiff the benefit of all reasonable inferences from those facts. *Aetna Electroplating Co. Inc. v. Jenkins,* 335 Pa. Super. 283, 484 A.2d 134 (1984). Further, the court must overrule a demurrer unless it is certain that there is no set of facts under which the plaintiff could recover. *Bower v. Bower,* 531 Pa. 54, 611 A.2d 181 (1992). Any doubt must be resolved in favor of overruling the demurrer. *Id.; Moser v. Heistand,* 545 Pa. 554, 681 A.2d 1322 (1996).

Both parties agree that there can be no claim for recovery of filial or parental consortium under the common law of Pennsylvania. Plaintiffs contend, however, that one may be maintained under the wrongful death statute. 42 Pa.C.S. §8301(b) allows for parents of the deceased to recover under a wrongful death action. Section 8301(c) states that a "plaintiff shall be entitled to recover, *in addition to other damages,* damages for reasonable hospital nursing, medical, funeral expenses and expenses of administration necessitated by reason of injuries causing death." (emphasis added) Plaintiffs argue that the language "in addition to other damages" includes recovery for loss of consortium. Thus, they contend that they should be entitled to recover loss of consortium damages in this action.

Plaintiffs find support in *Ehrman, supra. Ehrman* involved a wrongful death action due to the death of a 19-year-old girl in a traffic accident. The decedent was unmarried and had no children or siblings. Her parents brought an action under the Wrongful Death Act and included a claim for loss of aid, companionship and ser-

vices of the deceased. *Ehrman, supra.* Judge Wettick relied on a statement by the Pennsylvania Supreme Court decision in *Kiser v. Schulte,* 538 Pa. 219, 648 A.2d 1 (1994), that the damages under a wrongful death action may be broader than under the common law.

Specifically, Judge Wettick referred to the majority's statement in *Kiser* that "[t]he damages recoverable in a wrongful death action include the present value of the services the deceased would have rendered to the family, had she lived, as well as funeral and medical expense." *Ehrman, supra* at 253, citing *Kiser, supra* at 226, 648 A.2d at 4. Judge Wettick also stated that the language of the statute does not differentiate between spouses, parents and children and all are entitled to recover "other damages." Since this includes loss of consortium claims for spouses and children, it should also include them for parents. Finally, Judge Wettick stated that Pennsylvania Suggested Standard Jury Instructions are "consistent" with allowing a claim for loss of consortium. Based on this reasoning, Judge Wettick held that the plaintiffs were entitled to recover for loss of consortium of a child.

Plaintiffs urge the court to follow the opinion of Judge Wettick in *Ehrman.* This the court will not do. While the court has often looked favorably at the opinions of Judge Wettick in the past, it disagrees with Judge Wettick's ruling in *Ehrman.* The *Kiser* decision does not expand the law in Pennsylvania. That case only involved damages for *economic* loss and not a loss for consortium. This court does not see how any statement made by the Supreme Court in *Kiser* would entitle plaintiffs to make a claim for loss of filial or parental consortium. Economic loss has been recoverable under a wrongful death action prior to the *Kiser* opinion. Simply put, the court does not read the language utilized by Judge Wettick from

the *Kiser* decision to be anything other than a statement of the law on economic damages.

The court will also note that the *Kiser* opinion has not been cited for the proposition made by Judge Wettick in any opinion other than *Ehrman*. This is a 1994 case and had it, even by inference, allowed a claim of parental or filial consortium, it would have been addressed in subsequent case law. It has not been. Without an express statement by an appellate court, this court is unwilling to follow Judge Wettick's lead utilizing a statement made in *Kiser* for which it has never been cited previously before *Ehrman*.

More importantly, we can find no statement from the legislature of Pennsylvania that the Wrongful Death Act is a change in the law on parental or filial consortium. Nor has the plaintiff or Judge Wettick in the *Ehrman* opinion cited any. The legislature would have been aware of Pennsylvania case law on the subject. Had they wanted to include claims for parental or filial consortium, they would have done so by an express statement. There is no such statement in 42 Pa.C.S. §8301(c). It only states that "other damages" are allowed. The court sees no reason to read this as anything other than allowing all "other damages" that would have been recoverable under the common law. Without an express statement, the court does not find that the legislature intended any expansion of the law.

In conclusion, if a personal representative brings a wrongful death action, then any action by any other party who could bring an action under Pa.R.C.P. 2202(b) is foreclosed. Furthermore, since this court does not find that the Wrongful Death Act includes claims for parental or filial consortium, those claims cannot stand. Therefore, the preliminary objections will be sustained.

384

## ORDER

And now, to-wit, March 13, 2000, it is hereby ordered and decreed that defendant's preliminary objections to plaintiffs' amended complaint are sustained. Louise Mathews' name shall be stricken from the caption and the case shall continue with only the personal representative, Kathleen M. Crowe, as the plaintiff. This, in no way, affects Louise Mathews' rights to recover as a beneficiary of the wrongful death action. Furthermore, paragraph 22(a) of the amended complaint is stricken with prejudice.