## Hook v. Auriemma

C.P. of Lackawanna County, no. 02 CV 6190.

*Thomas R. Kline* and *Leon Aussprung,* for plaintiff.
*George M. Nace III,* for defendant, Desai.

*Eugene P. Feeney,* for defendants, Auriemma and Colorectal Center.

*John J. Aponick,* for defendant, Lackawanna Medical Group.

*Patrick C. Carey,* for defendant Orehek.

*Mark T. Perry,* for defendant, Marian Community Hospital.

MINORA, *J.,* August 17, 2005—

## I. INTRODUCTION

Currently before this court is the motion for summary judgment of the defendant, Marian Community Hospital (MCH).

By way of background, and according to the facts as set forth by the non-movant plaintiffs, this medical malpractice case, brought on behalf of the estate of Nancy Wilson (decedent), concerns the alleged negligent medical care of all defendants during decedent's final hospitalization at defendant, Marian Community Hospital. Decedent presented for an elective surgical resection of her distal ileum and proximal colon to be performed by William Auriemma M.D. During the admission, defendant Auriemma consulted decedent's primary care physician, Allen Orehek M.D., for assistance in co-managing the medical care of decedent during the hospitalization. After the surgery, decedent had fever, abdominal pain and blood in her stool. During the days that followed, a CT scan revealed free air in decedent's abdomen, which is allegedly indicative of bowel perforation. Moreover, plaintiff's white blood cell count initially spiked to an abnormally high level and then plummeted to a very low level, while continually demon-

strating an abnormally high number of bands of differential cell count. Allegedly, these signs and symptoms were all consistent with an abdominal infection from a bowel perforation, but timely diagnosis and proper treatment allegedly did not occur, which soon resulted in the decedent's death.

Moving defendant MCH brings the instant motion for summary judgment based upon two theories. First, defendant MCH asserts that plaintiffs have not supported any claim for direct/corporate negligence against it. Plaintiffs counter that they have produced an expert report by a critical care physician, Dr. Scardella, who clearly renders an opinion on the direct/corporate negligence of moving defendant. Plaintiffs' expert allegedly renders the opinion that moving defendant violated its own policies and procedures by not caring for decedent in an intensive care unit during a time period in which she required blood pressure support medications and had very poor urine output. Dr. Scardella further renders an opinion that this violation of moving defendant's own policies and procedures caused decedent's death. Plaintiffs' expert opinions are allegedly supported by the medical record and documents disclosed during discovery. Therefore, plaintiffs claim they have properly developed a direct/corporate negligence claim against defendant MCH sufficient to survive summary judgment.

Second, moving defendant MCH claims that it has no ostensible liability for the negligent acts and/or omissions of Meena Desai M.D. Plaintiffs claim that the record in this case is clear that not only did decedent look to moving defendant to provide medical care, and, in par-

ticular, to provide defendant Desai to care for her respiratory problems, but that the hospital also held out defendant Desai as its employee/agent. Specifically, during the hospitalization, defendant Orehek consulted defendant Desai, who was a pulmonologist, concerning decedent's respiratory status. Prior to that consultation, decedent had never had a professional relationship or even met defendant Desai. The medical record allegedly indicates that a consultation was placed to defendant Desai by defendant Orehek and there is no information that decedent ever requested to be seen specifically by defendant Desai. Moreover, defendant Desai never informed decedent that she was not acting as an employee/agent of defendant MCH. Consequently, the plaintiffs claim that there are more than adequate facts of record for a jury to conclude that defendant Desai was an ostensible agent of defendant MCH.

This matter has been thoroughly briefed and argued before the undersigned on May 26, 2005. By court order of May 20, 2005, this matter has been firmly set for trial on March 13, 2006.

While the trial date is not close at hand, the current motion for summary judgment of defendant MCH is ripe for disposition.

## II. ISSUES

(A) Whether defendant MCH is entitled to judgment as a matter of law and dismissal of all claims of corporate/direct negligence, with prejudice, upon the basis that plaintiffs have not produced during discovery and cannot produce at trial any expert opinion or other evidence in support of said claims against defendant MCH.

(B) Whether defendant MCH is entitled to judgment as a matter of law and dismissal of all claims of agency for the actions of the individual defendants, Drs. Auriemma, Orehek and Desai, with prejudice, upon the basis that plaintiff has not produced during discovery and cannot produce, at trial, any evidence in support of said claims against defendant.

## III. DISCUSSION

### A. *General Standards for Summary Judgment*

When considering a motion for summary judgment, the record must be viewed in a light most favorable to the non-moving party with all doubts as to the existence of a factual issue being resolved against the movant. *Pappas v. Asbel,* 564 Pa. 407, 418, 768 A.2d 1089, 1095 (2001). To withstand a motion for summary judgment, a non-moving party must adduce sufficient evidence on an issue essential to the case and on which the party bears the burden of proof. *Shumosky v. Lutheran Welfare Services of Northeastern PA Inc.,* 784 A.2d 196, 199 (Pa. Super. 2001). Failure to adduce this evidence establishes that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Feidler v. Morris Coupling Co.,* 784 A.2d 812, 815 (Pa. Super. 2001). Additionally, summary judgment may be granted only in those cases which are clear and free from doubt that the moving party is entitled to judgment as a matter of law. *Bordlemay v. Keystone Health Plans Inc.,* 789 A.2d 748, 750 (Pa. Super. 2001). See also, Pa.R.C.P. 1035.2; Pa.R.C.P. 1035.3; *Syslo v. Davis,* 106 Lacka. Jur. 34, 37 (2005).

## B.

With those principles in mind, we must first examine whether the record creates an issue of triable fact for a jury to find a case of corporate negligence against defendant MCH.

The Pennsylvania Supreme Court in the watershed case of *Thompson v. Nason Hospital,* 527 Pa. 330, 591 A.2d 703 (1991), recognized the doctrine of corporate liability based upon a hospital's duties "to use reasonable care in the maintenance of safe and adequate facilities and equipment," "to select and retain only competent physicians," "to oversee all persons who practice medicine within it's walls as to patient care," and *"to formulate, adopt and enforce adequate rules and policies to ensure quality care for the patients." Id.* at 339-40, 591 A.2d at 707. (emphasis added)

Unlike vicarious liability, which is predicated upon the negligence of an actual or ostensible agent, a cause of action for corporate negligence is not dependent upon the negligence of a third party such as a physician or nurse. *Welsh v. Bulger,* 548 Pa. 504, 513, 698 A.2d 581, 585 (1997); *Oven v. Pascucci,* 46 D.&C.4th 506, 513 (Lacka. Cty. 2000). Instead, corporate liability is based on the negligent acts of the institution. *Moser v. Heistand,* 545 Pa. 554, 561, 681 A.2d 1322, 1326 (1996). "A cause of action for corporate negligence arises from the policies, actions or inaction of the institution itself rather than the specific acts of individual hospital agents." *Welsh, supra* at 513, 698 A.2d at 585; *Moser,* 545 Pa. at 560, 681 A.2d at 1326; *Gurevitz v. Piczon,* 42 D.&C.4th 308, 317-18 (Lacka. Cty. 1999) (corporate liability is premised "upon the systemic or institutional negligence

of the hospital itself rather than the acts of the individual hospital employees."). Therefore, under the theory of corporate liability, "a corporation is held directly liable, as opposed to vicariously liable, for its own negligent acts." *Welsh, supra* at 513, 698 A.2d at 585; *Rauch v. Mike-Mayer,* 783 A.2d 815, 827 (Pa. Super. 2001), *app. denied,* 568 Pa. 634, 793 A.2d 909 (2002); see also, *Laura White v. Richard Behlke M.D.,* 106 Lacka. Jur. 1, 4 (2005).

Viewing the record as a whole and in the light most favorable to the non-moving party, we conclude as a matter of law that the record could possibly support a jury finding of corporate negligence. Moreover, all doubts as to summary judgment must be resolved against the moving party. See *Bordlemay, supra; Washington v. Baxter,* 553 Pa. 434, 441, 719 A.2d 733, 737 (1998).

The expert report of Anthony Scardella M.D. dated December 11, 2004, and attached as exhibit "E" to plaintiffs' summary judgment response, clearly opines that

"Monitoring blood pressure when vasopressors are indicated requires transfer to the intensive care unit, which was not done in this case and which was indicated according to Marion Community Hospital policy and the standard of care."

Certainly, as a matter of law, we are unable to say at the summary judgment stage that Marian Community Hospital has not breached its non-delegable duties "to formulate, adopt and *enforce* adequate rules and policies to ensure quality care for the patients." *Thompson v. Nason Hospital,* 527 Pa. 330, 339-40, 591 A.2d 703, 707 (1991). (emphasis added)

Therefore, resolving all doubts in favor of the non-moving party, we must deny defendant MCH's motion for summary judgment as to corporate negligence.

## C.

The defendant MCH's other basis for summary judgment is their contention that the record is clear as a matter of law that they have no ostensible liability for defendant Desai.

At first glance, a hospital may be held ostensibly liable for negligent acts/omissions of a physician. This can occur "(1) whether the patient looks to the institution, rather than the individual physician for care and (2) whether the hospital 'holds out' the physician as its employee." *Goldberg ex rel. Goldberg v. Isdaner,* 780 A.2d 654, 660 (Pa. Super. 2001).

Certainly, the record is replete with questions of fact regarding whether or not MCH "held out" defendant Desai as its employee and whether or not MCH advised decedent that defendant Desai was not the hospital's agent. (See deposition testimony of Dr. Desai exhibit "F" to plaintiffs' summary judgment response pp. 17-18, pp. 20 and 22; see also, exhibit "G" to plaintiffs' summary judgment response.)

On the above basis alone, triable issues of fact exist, for a jury to decide, which are not clear cut as to the issue of ostensible liability. See *Washington, supra.*

Therefore, defendant Marian Community Hospital's entire summary judgment motion will be denied.

An appropriate order will follow.

## ORDER

And now, to wit, August 17, 2005, upon due consideration of the motion for summary judgment of the defendant, Marian Community Hospital, the able verbal and written arguments of counsel and in accordance with the foregoing memorandum, said motion for summary judgment is denied.