## White v. Pocono Psychiatric Association

426

*Stephen W. Mowrey*, for plaintiffs.
*John R. Hill* and *John W. Stahl*, for defendants.

ZULICK, *J.*, February 26, 2014—This matter comes before the court on the preliminary objections of defendants Michael Kessler, M.D., Robert Morrow, M.D. and the State Board of Medicine (Board) to plaintiff's amended complaint. The plaintiff, Michelle White, filed her amended complaint on October 1, 2013. White filed the action as the administrator of the estate of Sinead Steele, who is deceased, and also in her personal capacity. White has alleged that Dr. Kessler and Dr. Morrow committed medical malpractice in their treatment of Steele, that Dr. Morrow was negligent when hiring and supervising Dr. Kessler, and that the Board was negligent in granting Dr.

Kessler a license to practice medicine in Pennsylvania. All defendants have filed preliminary objections. All parties have filed briefs in support of their positions, and the matter was argued before the court on January 6, 2013.

## DISCUSSION

In considering preliminary objections, "all well-pleaded allegations and material facts averred in the complaint, as well as all reasonable inferences deductible therefrom, must be accepted as true." *Wurth by Wurth v. City of Philadelphia*, 584 A.2d 403, 407 (Pa. Cmwlth. 1990). The "court need not accept as true conclusions of law, unwarranted inferences from facts, argumentative allegations, or expressions of opinion." *Penn Title Insurance Co. v. Deshler*, 661 A.2d 481, 483 (Pa. Cmwlth. 1995).

Dr. Kessler's Objections

Dr. Kessler raises numerous preliminary objections: (1) the complaint is legally insufficient; (2) the complaint seeks damages not authorized by law; (3) the complaint includes scandalous and impertinent allegations; (4) the amended complaint presents new causes of action after the applicable statute of limitations has passed; (5) the complaint fails to comply with Pa.R.C.P. 2204 and 2205; and (6) the complaint fails to comply with 42 Pa.C.S. §§ 8301 and 8302 along with Pa.R.C.P. 2202.

Dr. Kessler's first objection is in the nature of a demurrer. He argues that the plaintiff cannot prove evidence of a breach of the duty of care, and that the allegations in the complaint are mere speculation.

Preliminary objections in the nature of a demurrer test

the legal sufficiency of the complaint. When considering preliminary objections, all material facts set forth in the challenged pleadings are admitted as true, as well as all inferences reasonably deducible therefrom. Preliminary objections which seek the dismissal of a cause of action should be sustained only in cases in which it is clear and free from doubt that the pleader will be unable to prove facts legally sufficient to establish the right to relief. If any doubt exists as to whether a demurrer should be sustained, it should be resolved in favor of overruling the preliminary objections.

*Albert v. Erie Ins. Exchange*, 65 A.3d 923, 927 (Pa. Super. 2013) (citations omitted).

The relevant inquiry when examining preliminary objections is not whether plaintiff will be able to prove her allegations. Instead, the court must assume that the material facts set forth in the complaint are true, along with reasonable inferences that can be drawn from those facts. Examining the complaint, the plaintiff has alleged the following in support of her claim of medical malpractice against Dr. Kessler: on April 4, 2011, Ms. Steele came under the care of Dr. Kessler, Complaint, ¶ 18. During the April 4 visit, Dr. Kessler wrote prescriptions for 180 diazepam 5mg. tablets and 90 oxycodone 30mg tablets, each with 5 refills. *Id.*, ¶ 20. The complaint alleges that from April 4-8, 2011, Ms. Steele ingested an unknown quantity of the pills. *Id.* ¶ 22. Finally, the complaint alleges that the medications should not have been prescribed together and that Dr. Kessler:

prescribed the medications in excessive amounts;

had no adequate basis to prescribed the medicine,

which was highly dangerous;

failed to warn Ms. Steele of the drugs' side effects;

failed to properly diagnose at the April 4 visit;

failed to obtain Ms. Steele's medical records/drug history before prescribing dangerous and highly addictive medication.

The complaint alleges that Ms. Steele died as a result of Dr. Kessler's negligence on April 8, 2011. *Id.* ¶¶ 25, 26.

These allegations, taken as true, support a finding of medical malpractice:

To prevail in any negligence action, the plaintiff must establish the following elements: the defendants owed him or her a duty, the defendant breached the duty, the plaintiff suffered actual harm, and a causal relationship existed between the breach of duty and the harm. When the alleged negligence is rooted in professional malpractice, the determination of whether there was a breach of duty comprises two steps: first, a determination of the relevant standard of care, and second, a determination of whether the defendant's conduct met that standard.

*Catlin v. Hamburg*, 56 A.3d 914, 920 (Pa. Super. 2012) (quoting *Freed v. Geisinger Med. Ctr.*, 910 A.2d 68, 72-73 (Pa. Super. 2006)). Prescribing medications in excessive amounts that are toxic when taken together violates the standard of care. Plaintiff has additionally alleged that the negligent conduct of Dr. Kessler was the proximate cause of Ms. Steele's death. Ms. White has made out a prima facie case of medical malpractice. Therefore the demurrer

will be denied.

Second, Dr. Kessler objects to the damages requested by the plaintiff. However, Dr. Kessler's objections are all in the nature of factual disputes. For example, Dr. Kessler asserts that Ms. Steele "never completed High School, never planned to earn a GED, never intended to be gainfully employed and had no short or long term plans for employment or further education." Dr. Kessler's brief in support of preliminary objections, at 7. At the preliminary objection stage, all factual disputes must be resolved in favor of the plaintiff. Therefore, the kinds of factual allegations made by Dr. Kessler cannot grant him relief at this stage of the litigation. Dr. Kessler's objections to damages will be denied.

Next, Dr. Kessler objects to the inclusion of scandalous and impertinent material in the complaint. Among the scandalous and impertinent allegations are: that Dr. Kessler wrote a prescription with 5 refills, which Dr. Kessler alleges is impossible; plaintiff misquotes and alters the autopsy report; it alleges damages that are unrecoverable; and it assigns the powers of psychic precognition to Dr. Kessler. "To be scandalous and impertinent, the allegation must be immaterial and inappropriate to the proof of the cause of action." *Green v. Klein*, 16 Pa. D. & C. 5th 144, 152 (Pa. Com. Pl. 2010). "[T]he right of a court to strike impertinent matter should be sparingly exercised and *only when a party can affirmatively show prejudice.*" *Dept. of Environmental Resources v. Hartford Acc. and Indem. Co.*, 396 A.2d 885, 888 (Pa. Cmwlth. 1979) (emphasis added). "'Prejudice' is defined as any substantial diminution of a party's ability to properly present its case at trial." *Keffer v. Bob Nolan's Auto Service, Inc.*, 59 A.3d 621, 655 (Pa.

Super. 2012) (internal citations and quotation marks omitted). Further, "[p]rejudice is not presumed to exist and actual harm must be proven before [judicial action] is appropriate." *Id.* Whether the disputed allegations may be scandalous and impertinent depends on facts which may be contested in this litigation. Dr. Kessler has not offered any showing of how those allegations prejudice him. Without a showing of prejudice, the court will not use its sparingly exercised powers to strike the allegations from the amended complaint.

Next, Dr. Kessler objects to the inclusion of averments that allegedly create a new cause of action after the expiration of the statute of limitations. Specifically, Dr. Kessler alleges that the amended complaint changes the employment relationship between himself and Dr. Morrow. He states that in the original complaint, he was alleged to be the employee of Dr. Morrow. In the amended complaint, he is referred to instead as a co-employee. Dr. Kessler argues that this change creates a new cause of action.

The legal standard for determining whether an amended complaint states a new cause of action subject to being barred by the statute of limitations is discussed more fully in the section dealing with Dr. Morrow's preliminary objections, *see infra*. The important distinction to be made is between when an amended complaint states a new cause of action and when an amended complaint merely amplifies an existing cause of action. Here, the change in the employment relationship between Dr.'s Kessler and Morrow does not create a new cause of action against Dr. Kessler. Plaintiff is still suing Dr. Kessler for medical malpractice, as discussed *supra*. Nothing in the amended

complaint changes the claim against him: that he was negligent in his care of Ms. Steele and that his negligence caused her death. This objection will be denied.

Fifth, Dr. Kessler objects to plaintiff's failure to comply with Pa.R.C.P. 2204 and 2205, which deal with requirements for instituting a wrongful death action. They provide:

> In addition to all other facts required to be pleaded, the initial pleading of the plaintiff in an action for wrongful death shall state the plaintiffs relationship to the decedent, the plaintiff's right to bring the action, the names and last known residence addresses of all persons entitled by law to recover damages, their relationship to the decedent and that the action was brought in their behalf.

> Pa.R.C.P. 2204.

> When an action for wrongful death has been instituted, the plaintiff shall give notice, by registered mail or in such other manner as the court shall direct by local rule or special order, to each person entitled by law to recover damages in the action, that an action has been instituted for wrongful death, naming the decedent and stating the court, term and number of the action.

> Pa.R.C.P. 2205.

Dr. Kessler alleges that plaintiff has not included the address of Joseph Steele, who is named in the complaint as the decedent's father, as required by Pa.R.C.P. 2204. Further, Dr. Kessler alleges that plaintiff has not given Mr. Steele notice as required by Pa.R.C.P.2205. These are

valid objections. Ms. White will be directed to amend her complaint in accordance with the dictates of Pa.R.C.P. 2204 and provide written notice to Mr. Steele as required by Pa.R.C.P. 2205.

Finally, Dr. Kessler objects to Ms. White proceeding as a plaintiff in her individual capacity. Dr. Kessler states "[n]either a claim for wrongful death pursuant to 42 Pa.C.S.A. § 8301 nor a survival claim pursuant to 42 Pa.C.S.A. § 8302 may be brought by the biological mother, individually of an adult child." Dr. Kessler's brief in support of preliminary objections, at 11-12. However, § 8301 (the wrongful death statute) specifically provides for suit in an individual capacity by a parent. It states:

Except as provided in subsection (d), the right of action created by this section shall exist only for the benefit of the spouse, children or parents of the deceased, whether or not citizens or residents of this Commonwealth or elsewhere. The damages recovered shall be distributed to the beneficiaries in the proportion they would take the personal estate of the decedent in the case of intestacy and without liability to creditors of the deceased person under the statutes of this Commonwealth.

42 Pa.C.S.A. §8301(b).

Parents are allowed to bring claims in their individual capacity for the wrongful death of their children. Accordingly this objection will be denied.

Dr. Morrow's Objections

Dr. Morrow has objected to what he contends are new causes of action counts included in the amended complaint after the relevant statute of limitations has expired. Counts

I and II of the original complaint were for direct medical malpractice liability against Dr. Kessler and claimed liability on a vicarious theory against Pocono Psychiatric Associates (PPA). The amended complaint adds a claim for direct medical malpractice against Dr. Morrow in counts I and II. It also alleges vicarious responsibility against Dr. Morrow in ¶ 11 of the amended complaint, although no claim for vicarious liability is specifically mentioned in any count of the complaint.

The Pennsylvania Rules of Civil Procedure provide in Rule 1033 for the amendment of a complaint to include new causes of action, but the rule does not change the well-established principle that a new cause of action which is barred by the statute of limitations will not be allowed:

> This principle is based on the broad proposition that the courts, while disposed to be liberal in the allowance of amendments, and to construe the amendment rules liberally so as to prevent the defeat of justice through mere mistake, do not allow amendments which will prejudice the defendant by depriving him of some substantial right. The criterion for determining whether or not an amendment may be made after the statute of limitations has run is whether the defendant will be prejudiced by the amendment or whether the cause of action is changed thereby. The general principle that amendments which will deprive the opposite party of any valuable right. Thus, after the statute of limitations has run, the plaintiff cannot, by an amendment, shift the ground of complaint set forth originally, or enlarge its surface by introducing a new and different cause of action, or cure a material, vital, or fatal defect in his complaint; an amendment to a complaint in an action

instituted within the statutory period is not permissible after the expiration of that period where, in reality, the purpose is to introduce a new cause of action.

*Hodgen v. Summers*, 555 A.2d 214, 215 (Pa. Super. 1989) (citing 5 Std.Pa.Prac. § 24:41). Therefore "an amendment introducing a new cause of action will not be permitted after the statute of limitations has run in favor of a defendant. However, if the proposed amendment does not change the cause of action but merely amplifies that which has already been averred, it should be allowed even though the statute of limitations has already run." *Id.* (citations omitted).

The statute of limitations for wrongful death or survival actions is two years. 42 Pa.C.S.A. § 5524(2). Ms. Steele passed away on April 8, 2011. The statute of limitations therefore expired on April 8, 2013, the same day that this action was commenced by writ of summons. The amended complaint was filed on October 3, 2013. If the amended complaint states a new cause of action, the claim must be stricken as untimely.

Defendant Morrow argues that Counts I and II of the amended complaint now state a claim for direct malpractice against him. The amended complaint does refer to direct negligence by Dr. Morrow in ¶¶ 25 and 35- "the careless and negligent acts of defendants which deviated from the accepted standards of care" with detailed acts of malpractice. There is no mention of vicarious liability in Counts I and II, nor were there allegations of direct liability against Dr. Morrow for medical malpractice in the original complaint. The original complaint does not suggest that Dr. Morrow ever treated Ms. Steele at all.

Instead, the original complaint only accused Dr. Morrow of negligently hiring and failing to adequately supervise Dr. Kessler. *See* original complaint, Counts III-IV. Actual medical malpractice is not the same theory as supervisory liability. As the amended complaint states a new cause of action, Counts I and II of the amended complaint will be stricken as to Dr. Morrow.

Dr. Morrow also complains that the amended complaint asserts a claim of vicarious liability against him for the first time. Plaintiff alleges in ¶8 that PPA is a fictitious name for Dr. Morrow and in ¶ 11 that Dr. Morrow is vicariously liable for the actions of Dr. Kessler. The original complaint asserted that both Drs. Morrow and Kessler were "employees or other duly authorized agent, actual, ostensible, or otherwise of defendant Pocono Psychiatric Associates." Complaint ¶ 8. The original complaint then specifically alleged that defendant Pocono Psychiatric Associates was vicariously liable for the acts of Drs. Kessler and Morrow. Complaint, ¶ 10. The original complaint did not make an allegation that Dr. Kessler was an employee of Dr. Morrow, or that plaintiff was asserting a claim based upon the doctrine of respondeat superior against Dr. Morrow. The original complaint did however allege that Dr. Morrow hired Kessler. *See* Complaint, ¶ ¶ 39, 46. The complaint accused Dr. Morrow of negligently hiring and failing to adequately supervise Dr. Kessler. *See* original complaint, Counts III-IV.

Counts III and IV of the amended complaint do not state a new cause of action against Dr. Morrow. Plaintiff alleged in Counts III and IV of the original complaint that Dr. Morrow (and PPA) hired Dr. Kessler despite the fact that he was not fit for the position and failed to supervise

him once was hired. The amended complaint now states in ¶ 7 that Dr. Morrow hired and employed Dr. Kessler (in the initial complaint both Dr. Morrow and Dr. Kessler were alleged to be employees of PPA) *See* Complaint ¶ 8.

Pennsylvania appellate courts have not applied a comprehensive definition of what constitutes a new cause of action. The case of *Kuisis v. Baldwin-Lima-Hamilton*, 319 A.2d 914 (Pa. 1974) is instructive. There, the plaintiff filed a complaint for injuries sustained due to the negligent operation of a crane. The plaintiff later sought to amend the complaint after the statute of limitations had run to assert a claim of strict liability under Restatement Section 402(A). The Pennsylvania Supreme Court allowed the amendment, reasoning:

> Appellant's claim under is 402A was clearly implicit in his allegations of negligence in the design and manufacture of the crane. The principle of strict liability in tort adds nothing to Kuisis' theory of how the accident occurred; it operates merely to simplify his proof problem by eliminating the issue of negligence from the case. If in negligence actions 'we have defined 'cause of action' as 'the negligent act or acts which occasioned the injury," *Saracina v. Cotoia*, 417 Pa. 80, 85, 208 A.2d 764, 767 (1965), under Section 402A, it is The defect *326 itself which constitutes the cause of action. Thus, it is of no moment that the theories of negligence and strict liability may be subject to different defenses and require different measures of proof. Assuming arguendo that two different causes of action are involved here, for purposes of the statute of limitations, Both were stated in the original complaint.

*Id.* at 918.

The original complaint in this case stated that Dr. Morrow hired and supervised Dr. Kessler. *See* ¶¶ 39 and 46. This was enough of a factual basis for the plaintiff to amplify in the amended complaint that there was an employer-employee relationship between the two. As the supreme court stated in *Kuisis*:

> Given the averment in the original complaint that the brake locking mechanism was defective, the new allegations of the amended complaint fall within the familiar rule that a complaint may be amended after the expiration of the statute of limitations to amplify or clarify a cause of action already stated.

*Id.* at 919.

Plaintiff will be permitted to pursue her claim of vicarious liability of Dr. Morrow through Counts III and IV of the amended complaint.

State Board of Medicine's Objections

The state board of medicine raises two objections to the amended complaint: (1) the action is barred by sovereign immunity; and (2) the actions must be brought only in a representative capacity.

The state board of medicine is a Commonwealth entity, established by the medical practice act of 1985, 63 P.S. § 422.1 *et seq.* That act states:

> The state board of medicine shall consist of the commissioner or his designee, the secretary of health or his designee, two members appointed by the governor who shall be persons representing the public at large

and seven members appointed by the governor, six of whom shall be medical doctors with unrestricted licenses to practice medicine and surgery in this Commonwealth for five years immediately preceding their appointment and one who shall be a nurse midwife, physician assistant, certified registered nurse practitioner, respiratory therapist, licensed athletic trainer or perfusionist licensed or certified under the laws of this Commonwealth. All professional and public members of the board shall be appointed by the governor, with the advice and consent of a majority of the members elected to the senate.

63 P.S. §422.3(a).

Actions against the Commonwealth are barred by sovereign immunity, save only for exceptions provided by the legislature. Pa. Const. Art. 1 § 11. The legislature has stated:

Pursuant to section 11 of Article 1 of the Constitution of Pennsylvania, it is hereby declared to be the intent of the general assembly that the Commonwealth, and its officials and employees acting within the scope of their duties, shall continue to enjoy sovereign immunity and official immunity and remain immune from suit except as the general assembly shall specifically waive the immunity. When the general assembly specifically waives sovereign immunity, a claim against the Commonwealth and its officials and employees shall be brought only in such manner and in such courts and in such cases as directed by the provisions of Title 42 (relating to judiciary and judicial procedure) or 62 (relating to procurement) unless otherwise specifically

authorized by statute.

1 Pa.C.S. §2310.

The legislature has delineated the circumstances in which sovereign immunity is waived in 42 Pa.C.S. § 8522 (b), which contains nine different exceptions. The plaintiff argues that the exception found in § 8522(b)(2) applies here. That section imposes liability as follows:

> Medical-professional liability-acts of health care employees of Commonwealth agency medical facilities or institutions or by a Commonwealth party who is a doctor, dentist, nurse or related health care personnel." 42 Pa.C.S. § 8522(b)(2).

"Because of the clear intent to insulate government from exposure to tort liability, the exceptions to immunity are to be strictly construed." *Dean v. Pa. Dept. of Transportation*, 751 A.2d 1130, 1132 (Pa. 2000). A careful look at the language of §8522(b)(2) distinguishes its applicability from this case. The board is not a "medical facility or institution." While some of the members are doctors, nurses, or related health care personnel, several members of the SBM are not.[1] Further, [t]he medical-professional waiver is expressly limited to acts of health care employees. *Moser v. Hiestand*, 681 A.2d 1322, (Pa. Cmwlth. 1994).

This principle was followed in *Dashner v. Hamburg Center, Dept. of Public Welfare*, 845 A.2d 935 (Pa. Cmwlth. 2004). There, a state-employed residential

---

1. Plaintiffs have not disclosed any other medical malpractice case where the state board of medicine was properly a defendant. This court's research has likewise not discovered such a case.

aide abused two residents. Suit was brought against the facility for failure to conduct background checks, failure to adequately investigate qualifications, failure to enact procedures as well as negligent hiring, supervision and retention of the aide. The Commonwealth Court stated:

> Whether labeled as "negligence, carelessness, recklessness" (Counts I and II) or "negligent hiring, supervision and retention" (Counts III and IV), the averments of these counts of the complaint are based upon the alleged institutional, administrative negligence of the center. Based upon our Supreme Court's holding in *Moser v. Hiestand*, 545 Pa. 554, 681 A.2d 1322 (1996), these allegations do not fall within the medical-professional liability exception to sovereign immunity.

*Id.* at 939.

The board's action in licensing Dr. Kessler was an act of the board as an institution, and did not constitute the actual administration of health care to a patient in a Commonwealth medical facility or by a Commonwealth medical caregiver. The board's actions do not expose it to liability under the exception to sovereign immunity as interpreted by our supreme court in the *Moser* decision. Sovereign immunity requires the board to be stricken from the complaint.[2]

### ORDER

And now, this 26th day of February, 2014, upon consideration of the preliminary objections of Dr. Kessler, Dr. Morrow, and the state board of medicine, and the

---

2. As the court has found sovereign immunity bars suit against the board, the court need not consider board's second preliminary objection.

arguments and briefs of all the parties, it is ordered as follows:

1. The state board of medicine's preliminary objections are granted and it is stricken from the complaint.

2. Dr. Morrow's preliminary objections as to Counts I and II of the amended complaint are granted and he is stricken from those counts.

3. Dr. Morrow's preliminary objections as to Counts III and IV of the amended complaint are denied.

4. Dr. Kessler's preliminary objection to the amended complaint's lack of conformity with Pa.R.C.P. 2204 and 2205 is granted. Plaintiff shall include Mr. Steele's address in the complaint and notify him of this suit in compliance with Pa.R.C.P. 2205. An affidavit of service shall be filed of record.

5. The remainder of Dr. Kessler's preliminary objections are denied.

6. Plaintiff is directed to file a second amended complaint within 20 days of the date of this order.